IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01763-BNB

DAVID LEE COLLINS,

    Applicant,

v.

[NO NAMED RESPONDENT],

    Respondent.

ORDER OF DISMISSAL

    Applicant, David Lee Collins, is a prisoner in the custody of the Colorado Department of Corrections at the Arkansas Valley Correctional Facility in Ordway, Colorado. He attempted to initiate the instant action by submitting *pro se* three documents seeking his immediate release titled "Affidavit of Truth of Default" (ECF No. 1), "Affidavit of Request to Waive PR Bond Cost(s)" (ECF No. 3), and "Affidavit of Request for a Personal Recognizance Bond" (ECF No. 4). Magistrate Judge Boyd N. Boland reviewed the submitted documents and determined they were deficient. On June 24, 2014, Magistrate Judge Boland entered an order directing Mr. Collins to cure certain enumerated deficiencies within thirty days. Specifically, Magistrate Judge Boland directed Mr. Collins to obtain, with the assistance of his case manager or the facility's legal assistant, the Court-approved forms for filing a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action and an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. The June

24 order directed Mr. Collins to complete and submit those forms.  Specifically, Mr. Collins was ordered to submit a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action, together with a certificate showing the current balance in his prison account.  Alternatively, he was informed he could pay the $5.00 filing fee for a habeas corpus action.  He also was directed to submit a § 2241 application that named as Respondent his current warden, superintendent, jailer, or other custodian.  On June 30, 2014, the clerk of the Court corrected Mr. Collins' mailing address and remailed a copy of the June 24 order, among other documents, to Mr. Collins.  The Court extended to August 1, 2014, Mr. Collins' deadline date to allow Applicant thirty days to respond.

Mr. Collins has failed within the time allowed to cure any of the deficiencies in this case or otherwise communicate with the Court in any way.  Therefore, the action will be dismissed without prejudice for Mr. Collins' failure to cure the designated deficiencies as directed within the time allowed, and for his failure to prosecute.

Finally, the Court certifies pursuant to § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Collins files a notice of appeal he also must pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the action is dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for the failure of Applicant, David Lee Collins, to

cure the deficiencies designated in the order to cure of June 29, 2014, within the time allowed, and for his failure to prosecute.  It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.  It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED August 8, 2014, at Denver, Colorado.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK
Senior Judge, United States District Court